**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1129
_____

IN RE: CALEB L. MCGILLVARY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 1:22-cv-04185)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

Before: CHAGARES, Chief Judge, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: August 23, 2024)
_____

OPINION[*]
_____

PER CURIAM

     On January 19, 2024, Caleb McGillvary filed a pro se petition for a writ of

mandamus challenging the District Court's indefinite administrative closure of his

otherwise ripe habeas petition.[1]  In his mandamus petition, as well as a supplemental

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] McGillvary's federal habeas petition was filed in June 2022 and was ripe for disposition
in May 2023.  In August 2023, the petition was reassigned to District Judge Christine
O'Hearn.  In November 2023, McGillvary filed a separate civil action in which he named

petition, see 3d Cir. ECF No. 8, and numerous other filings in this Court, McGillvary

seeks the recusal of Judge O'Hearn from the habeas matter and reassignment of the case

to another district judge. He also seeks the prioritization and prompt resolution of his

habeas petition.

We will deny the petition for a writ of mandamus. First, to the extent that

McGillvary seeks the recusal of Judge O'Hearn and reassignment of his habeas petition,

an Order filed on July 26, 2024, reassigned the pending habeas petition, pursuant to 28

U.S.C. § 292(b), to a district judge outside the District of New Jersey. Accordingly, his

request for such relief is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690,

698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that …

prevent a court from being able to grant the requested relief, the case must be dismissed

as moot.").

Second, a writ of mandamus will issue only in extraordinary circumstances. See

Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the

writ, the petitioner must establish that there is no alternative remedy or other adequate

means to obtain the desired relief, and the petitioner must demonstrate a clear and

indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403

(1976). As a general rule, the manner in which a court disposes of cases on its docket is

---

multiple federal judges and others, including Judge O'Hearn, as defendants. McGillvary
then moved to recuse Judge O'Hearn from presiding over his habeas petition based on
her status as a defendant in the separate civil action. See D.Ct. ECF No. 32. On January
9, 2024, rather than ruling on the recusal motion, Judge O'Hearn sua sponte
administratively terminated McGillvary's ripe habeas action "pending resolution of" the
separate civil action. D.Ct. ECF No. 36 at 1-2.

2

within its discretion.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Nonetheless, mandamus may be warranted where a District Court's "delay is tantamount to a failure to exercise jurisdiction."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, while we recognize that McGillvary has faced a delay in the resolution of his pending habeas matter, his petition has been newly reassigned for disposition.  We are confident that the newly assigned district judge will act on McGillvary's petition within a reasonable time.  Accordingly, we will deny the mandamus petition without prejudice to refiling if the petition is not decided within a reasonable time.[2]

---

[2] In light of our disposition, McGillvary's pending motions, see 3d Cir. ECF Nos. 5, 6, 7, 9, 10, as well as any other pending requests, are denied.